**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSIE MARAN COSMETICS, LLC, | Case No. 1:20-cv-03702-NGG-CLP |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SHEFA GROUP LLC D/B/A MORNING BEAUTY, | |
| Defendant. | |
| SHEFA GROUP LLC, | |
| Counterclaimant, | |
| v. | |
| JOSIE MARAN COSMETICS, LLC, | |
| Counterclaim-Defendant. | |

**DEFENDANT SHEFA GROUP LLC'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant/Counterclaimant Shefa Group LLC d/b/a Morning Beauty ("Shefa"), by and through its counsel, hereby submits this Answer to the Complaint, dated August 14, 2020 (ECF No. 1, "Complaint"), of Plaintiff/Counterclaim-Defendant Josie Maran Cosmetics, LLC ("JMC") as set forth below. In response to all paragraphs of the Complaint, Shefa denies each and every allegation except as expressly admitted herein. Shefa responds specifically to JMC's averments as follows:

1.     Shefa denies the allegations of Paragraph 1 of the Complaint.

2.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies same.

3.      Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and therefore denies same.

4.      Shefa admits the allegations of Paragraph 4 of the Complaint.

5.      Shefa denies the allegations of Paragraph 5 of the Complaint.

6.      Shefa admits the allegations of Paragraph 6 of the Complaint.

7.      Shefa admits that this Court has subject matter jurisdiction over JMC's unfair competition claims.  Shefa denies the remainder of the allegations of Paragraph 7 of the Complaint.

8.      Shefa admits that this Court has supplemental jurisdiction over JMC's remaining claims.  Shefa denies the remainder of the allegations of Paragraph 8 of the Complaint.

9.      Shefa admits the allegations of Paragraph 9 of the Complaint.

10.     Shefa admits that venue is proper for purposes of this action.  Shefa denies the remainder of the allegations of Paragraph 10 of the Complaint.

11.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies same.

12.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies same.

13.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore denies same.

14.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies same.

15.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies same.

16.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies same.

17.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore denies same.

18.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and therefore denies same.

19.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies same.

20.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore denies same.

21.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies same.

22.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and therefore denies same.

23.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and therefore denies same.

24.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore denies same.

25.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore denies same.

26.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies same.

27.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore denies same.

28.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies same.

29.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and therefore denies same.

30.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies same.

31.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies same.

32.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore denies same.

33.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint and therefore denies same.

34.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint and therefore denies same.

35.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore denies same.

36.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore denies same.

37.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies same.

38.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies same.

39.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint and therefore denies same.

40.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore denies same.

41.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and therefore denies same.

42.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies same.

43.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and therefore denies same.

44.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies same.

45.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies same.

46.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint and therefore denies same.

47.     Shefa admits that it continues to sell genuine JOSIE MARAN branded products. Shefa further admits that JMC brought an action against Shefa in the Central District of California, with the caption *Josie Maran Cosmetics, LLC v. Morning Beauty*, No. 8:20-cv-01032-JLS-JDE (C.D. Cal. filed June 8, 2020); that Shefa sought to dismiss on jurisdictional grounds, among other things; and that JMC re-filed in this Court.  Shefa is without knowledge or information sufficient

to form a belief as to the truth of the remainder of the allegations of Paragraph 47 of the Complaint and therefore denies same.

48.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and therefore denies same.

49.     Shefa admits that JMC contacted Shefa in or around November 2018 regarding Shefa's sales of the Products.  Shefa is without knowledge or information to form a belief as to the truthfulness of the allegations regarding JMC's awareness and therefore denies same and denies the remainder of the allegations of Paragraph 49 of the Complaint.

50.     Shefa admits that JMC and Shefa's counsel exchanged correspondence in late 2018 and early 2019 and that Shefa has sold genuine JOSIE MARAN branded products since that time. Shefa denies the remainder of the allegations of Paragraph 50 of the Complaint.

51.     Shefa admits that it sells genuine JOSIE MARAN branded products on Amazon.com.  Shefa denies the remainder of the allegations of Paragraph 51 of the Complaint.

52.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint and therefore denies same.

53.     Shefa denies the allegations of Paragraph 53 of the Complaint.

54.     Shefa denies the allegations of Paragraph 54 of the Complaint.

55.     Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint and therefore denies same.

56.     Shefa denies the allegations of Paragraph 56 of the Complaint.

57.     Shefa denies the allegations of Paragraph 57 of the Complaint.

58.     Shefa denies the allegations of Paragraph 58 of the Complaint.

59.      Shefa admits that JMC has asked it for the source of the genuine JOSIE MARAN branded products that Shefa sells.  Shefa denies the remainder of the allegations of Paragraph 59 of the Complaint.

60.      Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint and therefore denies same.

61.      Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint and therefore denies same.

62.      Shefa denies the allegations of Paragraph 62 of the Complaint.

63.      Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 of the Complaint and therefore denies same.

64.      Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint and therefore denies same.

65.      Shefa denies the allegations of Paragraph 65 of the Complaint.

66.      Shefa denies the allegations of Paragraph 66 of the Complaint.

67.      Shefa denies the allegations of Paragraph 67 of the Complaint.

68.      Shefa denies the allegations of Paragraph 68 of the Complaint.

69.      Shefa denies the allegations of Paragraph 69 of the Complaint.

70.      Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint and therefore denies same.

71.      Shefa denies the allegations of Paragraph 71 of the Complaint.

72.      Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint and therefore denies same.

73. Shefa is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint and therefore denies same.

74. Shefa denies the allegations of Paragraph 74 of the Complaint.

75. Shefa denies the allegations of Paragraph 75 of the Complaint.

76. Shefa refers to Exhibit B to the Complaint for its exact terms. Shefa is without knowledge or information to form a belief as to the truth of the allegation regarding when JMC sent the letter and therefore denies same. Shefa denies the remainder of the allegations of Paragraph 76 of the Complaint.

77. Shefa refers to Exhibit B to the Complaint for its exact terms, admits that it continued to sell genuine JOSIE MARAN branded products and denies the remainder of the allegations of Paragraph 77 of the Complaint.

78. Shefa refers to Exhibit C to the Complaint for its exact terms. Shefa is without knowledge or information to form a belief as to the truth of the allegation regarding when JMC sent the letter and therefore denies same. Shefa denies the remainder of the allegations of Paragraph 78 of the Complaint.

79. Shefa refers to Exhibit C to the Complaint for its exact terms and denies the remainder of the allegations of Paragraph 79 of the Complaint.

80. Shefa refers to Exhibit C to the Complaint for its exact terms and denies the remainder of the allegations of Paragraph 80 of the Complaint.

81. Shefa is without knowledge or information to form a belief as to the truth of the allegation regarding JMC's presumption and therefore denies same. Shefa denies the remainder of the allegations of Paragraph 81 of the Complaint.

82. Shefa refers to Exhibit D to the Complaint for its exact terms. Shefa is without knowledge or information to form a belief as to the truth of the allegation regarding when JMC sent the letter and therefore denies same. Shefa denies the remainder of the allegations of Paragraph 82 of the Complaint.

83. Shefa admits that it continued to sell genuine JOSIE MARAN branded products and denies the remainder of the allegations of Paragraph 83 of the Complaint.

84. Shefa refers to Exhibit E to the Complaint for its exact terms. Shefa is without knowledge or information to form a belief as to the truth of the allegation regarding when JMC sent the letter and therefore denies same. Shefa admits that it continues to sell genuine JOSIE MARAN branded products. Shefa denies the remainder of the allegations of Paragraph 84 of the Complaint.

85. Shefa admits that its counsel wrote to JMC's counsel on or around May 18, 2020, and refers to that communication for its exact terms. Shefa denies the remainder of the allegations of Paragraph 85 of the Complaint.

86. Shefa denies the allegations of Paragraph 86 of the Complaint.

87. Shefa repeats and realleges its responses to Paragraphs 1-86 of the Complaint as if fully set forth herein.

88. Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint and therefore denies same.

89. Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint and therefore denies same.

90. Shefa admits that it does not have an agreement with JMC concerning use of the Trademarks. Shefa denies the remainder of the allegations of Paragraph 90 of the Complaint.

91.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 91 of the Complaint and therefore denies same.

92.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 92 of the Complaint and therefore denies same.

93.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 93 of the Complaint and therefore denies same.

94.     Shefa denies the allegations of Paragraph 94 of the Complaint.

95.     Shefa denies the allegations of Paragraph 95 of the Complaint.

96.     Shefa denies the allegations of Paragraph 96 of the Complaint.

97.     Shefa denies the allegations of Paragraph 97 of the Complaint.

98.     Shefa denies the allegations of Paragraph 98 of the Complaint.

99.     Shefa denies the allegations of Paragraph 99 of the Complaint.

100.    Shefa denies the allegations of Paragraph 100 of the Complaint.

101.    Shefa denies the allegations of Paragraph 101 of the Complaint.

102.    Shefa denies the allegations of Paragraph 102 of the Complaint.

103.    Shefa denies the allegations of Paragraph 103 of the Complaint.

104.    Shefa repeats and realleges its responses to Paragraphs 1-103 of the Complaint as if fully set forth herein.

105.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint and therefore denies same.

106.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 106 of the Complaint and therefore denies same.

107.     Shefa admits that it does not have an agreement with JMC concerning use of the Trademarks.  Shefa denies the remainder of the allegations of Paragraph 107 of the Complaint.

108.     Shefa denies the allegations of Paragraph 108 of the Complaint.

109.     Shefa denies the allegations of Paragraph 109 of the Complaint.

110.     Shefa denies the allegations of Paragraph 110 of the Complaint.

111.     Shefa denies the allegations of Paragraph 111 of the Complaint.

112.     Shefa denies the allegations of Paragraph 112 of the Complaint.

113.     Shefa denies the allegations of Paragraph 113 of the Complaint.

114.     Shefa denies the allegations of Paragraph 114 of the Complaint.

115.     Shefa denies the allegations of Paragraph 115 of the Complaint.

116.     Shefa denies the allegations of Paragraph 116 of the Complaint.

117.     Shefa repeats and realleges its responses to Paragraphs 1-116 of the Complaint as if fully set forth herein.

118.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 118 of the Complaint and therefore denies same.

119.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 119 of the Complaint and therefore denies same.

120.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 120 of the Complaint and therefore denies same.

121.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 121 of the Complaint and therefore denies same.

122.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 122 of the Complaint and therefore denies same.

123.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 123 of the Complaint and therefore denies same.

124.     Shefa admits that it does not have an agreement with JMC concerning use of the Trademarks.  Shefa denies the remainder of the allegations of Paragraph 124 of the Complaint.

125.     Shefa denies the allegations of Paragraph 125 of the Complaint.

126.     Shefa denies the allegations of Paragraph 126 of the Complaint.

127.     Shefa denies the allegations of Paragraph 127 of the Complaint.

128.     Shefa denies the allegations of Paragraph 128 of the Complaint.

129.     Shefa denies the allegations of Paragraph 129 of the Complaint.

130.     Shefa repeats and realleges its responses to Paragraphs 1-129 of the Complaint as if fully set forth herein.

131.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 131 of the Complaint and therefore denies same.

132.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 132 of the Complaint and therefore denies same.

133.     Shefa admits that it does not have an agreement with JMC concerning use of the Trademarks.  Shefa denies the remainder of the allegations of Paragraph 133 of the Complaint.

134.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 134 of the Complaint and therefore denies same.

135.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 135 of the Complaint and therefore denies same.

136.     Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 136 of the Complaint and therefore denies same.

137.    Shefa denies the allegations of Paragraph 137 of the Complaint.

138.    Shefa denies the allegations of Paragraph 138 of the Complaint.

139.    Shefa denies the allegations of Paragraph 139 of the Complaint.

140.    Shefa denies the allegations of Paragraph 140 of the Complaint.

141.    Shefa denies the allegations of Paragraph 141 of the Complaint.

142.    Shefa denies the allegations of Paragraph 142 of the Complaint.

143.    Shefa denies the allegations of Paragraph 143 of the Complaint.

144.    Shefa denies the allegations of Paragraph 144 of the Complaint.

145.    Shefa denies the allegations of Paragraph 145 of the Complaint.

146.    Shefa repeats and realleges its responses to Paragraphs 1-145 of the Complaint as if fully set forth herein.

147.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 147 of the Complaint and therefore denies same.

148.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 148 of the Complaint and therefore denies same.

149.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 149 of the Complaint and therefore denies same.

150.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 150 of the Complaint and therefore denies same.

151.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 151 of the Complaint and therefore denies same.

152.    Shefa is without knowledge or information to form a belief as to the truth of the allegations of Paragraph 152 of the Complaint and therefore denies same.

153.    Shefa admits that it does not have an agreement with JMC concerning use of the Trademarks.  Shefa denies the remainder of the allegations of Paragraph 153 of the Complaint.

154.    Shefa denies the allegations of Paragraph 154 of the Complaint.

155.    Shefa denies the allegations of Paragraph 155 of the Complaint.

156.    Shefa denies the allegations of Paragraph 156 of the Complaint.

157.    Shefa repeats and realleges its responses to Paragraphs 1-156 of the Complaint as if fully set forth herein.

158.    Shefa denies the allegations of Paragraph 158 of the Complaint.

159.    Shefa denies the allegations of Paragraph 159 of the Complaint.

160.    Shefa denies the allegations of Paragraph 160 of the Complaint.

161.    Shefa denies the allegations of Paragraph 161 of the Complaint.

162.    Shefa denies the allegations of Paragraph 162 of the Complaint.

163.    Shefa repeats and realleges its responses to Paragraphs 1-162 of the Complaint as if fully set forth herein.

164.    Shefa admits that an actual and justiciable controversy exists between JMC and Shefa.  Shefa denies the remainder of the allegations of Paragraph 164 of the Complaint.

165.    Shefa denies the allegations of Paragraph 165 of the Complaint.

166.    Shefa denies the allegations of Paragraph 166 of the Complaint.

167.    Shefa denies the allegations of Paragraph 167 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted. In particular, the Amended Complaint fails to provide any factual support for any of the claims from which the Court could conclude that the Shefa is liable for any claim.

### SECOND AFFIRMATIVE DEFENSE

JMC's claims against Shefa are barred by the exhaustion doctrine/first sale doctrine.

### THIRD AFFIRMATIVE DEFENSE

JMC's claims are barred, in whole or in part, under the doctrine of unclean hands. In particular, JMC's claims are barred by its own unlawful conduct in violation of N.Y. GBL § 369-b.

### FOURTH AFFIRMATIVE DEFENSE

JMC's claims against Shefa are barred, in whole or in part, by the doctrine of acquiescence and estoppel because in or about March 2019, JMC retracted its complaints to Amazon.com on the grounds that they were filed in error and did not object to Shefa's continued sale of the Products.

### FIFTH AFFIRMATIVE DEFENSE

JMC's claims against Shefa are barred by license. On information and belief, JMC has granted Amazon an irrevocable license to use the Trademarks on ASINs at issue and to sub-license the Trademarks to third-party resellers, like Shefa.

### SIXTH AFFIRMATIVE DEFENSE

Shefa reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

## COUNTERCLAIMS

Defendant/Counterclaimant Shefa Group LLC d./b/a Morning Beauty ("Shefa"), through its counsel, for its counterclaims against Plaintiff/Counterclaim-Defendant Josie Maran Cosmetics, LLC, ("JMC") alleges as follows:

## THE PARTIES

1.      Shefa is limited liability company formed under the laws of the State of New York with a place of business located at 164 South 8th Street, Brooklyn, New York 11211.

**2.**      Upon information and belief, JMC is a limited liability company formed under the laws of the State of California with a place of business at 6165 Santa Monica Boulevard, Los Angeles, California 90038.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 and 15 U.S.C. § 1121.

4.      With respect to these counterclaims, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

5.      Upon information and belief, JMC is a distributor of cosmetics and skin care products, which it markets and sells under the mark JOSIE MARAN (the "Josie Maran Products").

6.      Shefa is in the business of lawfully acquiring and re-selling various consumer products for a profit.

7.      Shefa resells products through various channels, including through an Amazon storefront.

8.     Since its formation, Shefa has served tens of thousands of customers through its Amazon storefront.

9.     JMC's illegal actions have irreparably damaged and threaten to destroy Shefa's successful business.

## Online Marketplaces

10.     Upon information and belief, Amazon is the world's largest online retailer.

11.     According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

12.     Amazon's online e-commerce platform allows for third parties, like Shefa, to sell products on its e-commerce platform.

13.     The privilege of selling on Amazon is highly advantageous, as Amazon provides third parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

14.     At all relevant times, Shefa has had a contractual and business relationship with Amazon, such that Shefa was and is permitted to sell products on Amazon's e-commerce platform.

15.     Third-party sellers, like Shefa, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product.

16.     A significant portion of Shefa's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront which does business as Morning Beauty.

17.     Once Shefa acquires products from reputable sources, Shefa resells the same products on Amazon at a profit.

18.     In general, transactions on Shefa's Morning Beauty Amazon storefront are completed by Amazon, whereby Amazon ships Shefa's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

19.     Shefa has invested significant efforts into building a successful and reputable Amazon storefront.

20.     Shefa's Morning Beauty Amazon storefront has amassed thousands of reviews, and it holds a near perfect lifetime 98% positive customer rating.

21.     A small sample of Shefa's recent reviews are shown below:



22.     Any harm that comes to the relationship between Shefa and Amazon creates a potential for serious and irreparable injury to Shefa.

### COUNTERCLAIM-DEFENDANT'S ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

23.     On information and belief, JMC seeks to increase its profits by controlling the distribution and pricing of its products through unlawful means.

24.     As demonstrated below, JMC has engaged in a course of conduct designed to preclude certain third parties such as Shefa from reselling genuine Josie Maran Products on online marketplaces by false allegations of intellectual property infringement and defamation.

25.     On information and belief, the purpose of these false complaints and defamatory statements was to prevent Shefa from selling genuine Josie Maran Products on Amazon.

26.     On information and belief, the purpose of these false complaints was to damage Shefa's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Shefa.

27.     Because Shefa sells only genuine products through its Amazon storefront, JMC has no legitimate intellectual property claim(s) against Shefa.

28.     Under the first sale doctrine, Shefa is lawfully permitted to re-sell Josie Maran Products without violating the intellectual property rights or other legal rights of JMC.

29.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to re-sellers, so long as the re-sellers are selling authentic, unaltered products.

30.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

31.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

*See* Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018),

https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (emphasis

added).

32.     On information and belief, JMC was, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

33.     On information and belief, JMC was, at all relevant times, aware that Amazon will act on reports that a product is "counterfeit," regardless of the truth of the report.

34.     The Lanham Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

35.     JMC filed, or directed its agents to file, complaints with Amazon that alleged that Shefa was selling "counterfeit" Josie Maran Products.

36.     On information and belief, JMC knew that such allegations were false.  JMC's allegations of counterfeiting were objectively unreasonable sham submissions made in bad faith in an effort to prevent Shefa's resale of genuine Josie Maran Products on Amazon's e-commerce platform.

37.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of JMC.

38.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

"I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

"I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited February 9, 2021).

39.     On information and belief, the false complaints at issue were signed under penalty of perjury by Roger Wason, JMC's Director of eCommerce.

40.     Once confirmed through discovery, Mr. Wason and all individual(s) responsible for the false intellectual property complaints described below will be added as counterclaim defendants in this action.

41.     On or about November 16, 2018, JMC sent Shefa a letter stating that Shefa's sales of Josie Maran Products was unauthorized and violated JMC's intellectual property rights.

42.     By letter dated November 29, 2018, Shefa's intellectual property counsel informed JMC that the Josie Maran Products sold by Shefa were genuine and noted that it appeared that JMC was attempting to engage in unfair competition.

43.     JMC took no further action until March 2019 when it falsely informed Amazon that the genuine Josie Maran Products being sold by Shefa on Amazon were "counterfeit."

44.     For example, on or about March 14, 2019, Shefa received a notice from Amazon stating as follows:

> Hello,
>
> We received a report from a rights owner that the products listed at the end of this email are inauthentic.
>
> The rights owner is asserting that the products infringe the following trademark:
> Trademark number: 4007094
>
> Why did this happen?
> One or more of your listings may be infringing the intellectual property rights

of others.

We're here to help.
If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).
How do I reactivate my listing?
Please provide one of the following to reactivate your listings:
1) A retraction of the report from the rights owner:

vero@josieJMC.com

2) An invoice or letter of authorization from the manufacturer or Rights Owner verifying the product's authenticity to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff,

Have your listings been removed in error?
If you believe there has been an error, please tell us why. Your explanation should include the following information:
-- Proof that you have never sold the reported product. We will investigate to determine if an error occurred.

OR

-- Explanation of why you were warned in error. We will investigate to determine if an error occurred.

What happens if I do not provide the requested information?
If we do not receive the requested information, your listings will remain inactive.

ASIN: B004HI5H4U
Infringement type: Counterfeit
Trademark asserted: 4007094
Complaint ID: 5868774691

You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485

-- Android:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.andro
id&hl...

Sincerely,
Amazon.com

45.     The above report relates to a Josie Maran Product, which is referenced by its Amazon Standard Identification Numbers ("ASIN").

46.     The Josie Maran Product identified as "counterfeit" in the above report was genuine.

47.     The Josie Maran Product identified as "counterfeit" in the above report was manufactured and distributed by JMC.

48.     On information and belief, prior to filing the above report, JMC performed a test purchase and knew that the above product was not "counterfeit."

49.     On information and belief, JMC's allegation that the above Josie Maran Products were counterfeit was knowingly false and made in bad faith.

50.     In total, JMC submitted at least three complaints to Amazon, each resulting in the suspension of Shefa's ability to sell Josie Maran Products.  Each of these complaints to Amazon are listed below:

| Year | Complaint ID | ASIN |
|------|--------------|------|
| 2019 | 5850932241 | B01AH57PRI |
|      | 5868774691 | B004HI5H4U |
|      | 5851012751 | B001DJ9JJU |

51.     On information and belief, the Josie Maran Products identified as "counterfeit" in each of the above reports (the "Reports") were genuine.

52.     On information and belief, the Josie Maran Products identified as "counterfeit" in each of the above reports were manufactured by, or on behalf of, JMC.

53.     On information and belief, prior to filing the above reports, JMC knew, or should have known, that the products were not counterfeit.

54.     On information and belief, JMC's allegations that the above Josie Maran Products were counterfeit was knowingly false and made in bad faith.

55.     By letter dated March 18, 2019, Shefa's counsel put JMC on written notice that JMC's complaints to Amazon were baseless and defamatory and demanded their retraction.

56.     On or about March 19, 2019, JMC informed Amazon that the Reports "were filed in error."

57.     Just over a year after retracting its Reports to Amazon, on or about June 8, 2020, JMC filed a complaint in the United States District Court for the Central District of California alleging, *inter alia* trademark infringement arising out of Shefa's sale of the very same goods for which JMC retracted Amazon Reports as "filed in error" ("California Action").

58.     On or about July 17, 2020, Shefa filed a motion to dismiss the California Action with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of personal jurisdiction under Rule 12(b)(2).

59.     On or about August 14, 2020, JMC filed a voluntary dismissal of the California Action, and filed the Complaint in the instant action.

## HARM TO COUNTERCLAIMANT

60.     As a result of the above false rights complaints, Shefa's listings relating to Josie Maran Products were suspended, resulting in an immediate loss of revenue.

61.     It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Shefa's ability to sell any and all products on Amazon would be lost.

62.     On information and belief, JMC was aware that complaints to Amazon, particularly those alleging the sale of counterfeit products, result in selling suspensions.

63.     As a result of the above false rights complaints, Shefa's selling privileges were suspended, resulting in a substantial loss of revenue.

64.     On information and belief, JMC has used these same tactics, namely filing false infringement complaints, against other Amazon sellers.

65.     At no time has Shefa ever sold counterfeit, used, damaged or opened Josie Maran Products.

66.     The Josie Maran Products sold by Shefa were, at all times and continue to be, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

67.     On information and belief, JMC knowingly made false intellectual property rights complaints against Shefa.

68.     Upon information and belief, the true purpose of these complaints was to ensure the suspension of Shefa's marketplace listings, control pricing and eliminate fair competition.

69.     As result of JMC's false complaints, Shefa's performance metrics were irreparably damaged.

70.     It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

71.     Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

72.     JMC' false complaints damaged Shefa's metrics and caused Shefa to lose the "buy box" on many of its product listings (even after retraction of Reports).

## COUNTERCLAIM I - DECLARATORY JUDGMENT
### (No Trademark Infringement or Counterfeiting)

73.     Shefa repeats and realleges the allegations of Paragraphs 1-72 of the Counterclaims as if fully set forth herein.

74.     JMC manufactures and distributes Josie Maran Products and places such products into the stream of commerce.

75.     Shefa stocks, displays, and resells new, genuine Josie Maran Products, each bearing a true mark.

76.     JMC has submitted at least three complaints to Amazon that falsely stated that Shefa sold counterfeit Josie Maran Products and infringed, *inter alia*, the JOSIE MARAN Registration.

77.     The Josie Maran Products sold by Shefa were not counterfeit.

78.     JMC's complaints caused the suspension of Shefa's selling privileges as they relate to Josie Maran Products.

79.     JMC's complaints put Shefa in jeopardy of permanent suspension of all selling privileges, which would cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

80.     Under these facts, an actual controversy exists between Shefa and JMC.

81.     Shefa is entitled to a declaratory judgment that it has not sold counterfeit Josie Maran Products.

82.     Shefa is entitled to a declaratory judgment that it has not violated JMC's trademark rights or other rights, whether under Federal or State law.

## COUNTERCLAIM II – FALSE OR MISLEADING REPRESENTATION AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125

83. Shefa repeats and realleges the allegations of Paragraphs 1-82 of the Counterclaims as if fully set forth herein.

84. This is a claim for false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

85. Shefa and JMC compete for sales of consumer products.

86. Shefa has a commercial interest in its commercial and business reputation.

87. Shefa has established a business reputation as a popular and trusted seller of consumer products on Amazon's marketplace.

88. JMC has knowingly made false, misleading, and defamatory statements in commerce through Amazon's infringement reporting tools relating to the products associated with Shefa. These statements actually deceived Amazon and are likely to deceive and confuse the public (i.e., Amazon's marketplace users) into believing that Shefa's products are counterfeit, thereby materially affecting their decision and ability to purchase Shefa's products.

89. JMC's reports to Amazon were designed to advance JMC's business interests by removing Shefa's listings from the Amazon marketplace thereby increasing JMC's market share.

90. JMC's false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the reports to Amazon so as to constitute advertising.

91. JMC's false and misleading representation of Shefa's alleged infringement has misled, confused and deceived customers and prospective customers as to Shefa's reputation. Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving Shefa's customers and prospective customers.

92. The false and misleading representations had a material effect on Shefa's customers' and prospective customers' decisions to do business with Shefa.

93. JMC has made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

94. On information and belief, JMC had actual knowledge that it had no support for the complaints that it submitted to Amazon in connection with Shefa's products, and JMC acted with the intent that Shefa's ability to sell Josie Maran Products be removed, thereby forcing consumers to purchase Josie Maran Products directly from JMC and/or select distributors.

95. Shefa's injuries fall within the zone of interest protected by the Lanham Act because JMC' false advertising and disparaging misrepresentations have caused Shefa to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

96. JMC's wrongful acts as alleged in this Amended Complaint constitute false or misleading representation of fact and unfair competition under 15 U.S.C. § 1125(a).

97. The damage to Shefa's economic and reputational injuries were directly caused by JMC' false and misleading representations.

98. As a direct and proximate result of JMC's actions, constituting false or misleading representation of fact and unfair competition, Shefa has been damaged and is entitled to monetary relief in an amount to be determined at trial.

99. As a direct and proximate result of JMC's actions, constituting false or misleading representation of fact and unfair competition, Shefa has suffered and continues to suffer great and irreparable injury, for which Shefa has no adequate remedy at law.

100. JMC will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNTERCLAIM III – UNFAIR COMPETITION
## PURSUANT TO NEW YORK COMMON LAW

101. Shefa repeats and realleges the allegations of Paragraphs 1-100 of the Counterclaims as if fully set forth herein.

102. This is a claim for unfair competition, arising under the common law of the State of New York.

103. By reason of all of the foregoing, JMC, as a market competitor of Shefa, engaged in deceptive conduct by disseminating false and misleading representations that Shefa sold counterfeit Josie Maran Products.

104. JMC's conduct caused consumer confusion because it had a material effect on Shefa's customers' and prospective customers' decisions and ability to purchase Shefa's products or do business with Shefa.

105. As a result of JMC's unfair competition, Shefa's customers and prospective customers were actually deceived or are likely to deceived and confused into believing that Shefa's products are counterfeit.

106. As a direct and proximate result of JMC's actions, constituting false or misleading representation of fact and unfair competition, Shefa has been damaged and is entitled to monetary relief in an amount to be determined at trial.

107. As a direct and proximate result of JMC's actions, constituting false or misleading representation of fact and unfair competition, Shefa has suffered and continues to suffer great and irreparable injury, for which Shefa has no adequate remedy at law.

108. JMC will continue its actions, constituting false or misleading representation of fact and unfair competition, unless enjoined by this Court.

## COUNTERCLAIM IV – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

109.   Shefa repeats and realleges the allegations of Paragraphs 1-108 of the Counterclaims as if fully set forth herein.

110.   Shefa has had an advantageous business relationship with Amazon, which allows Shefa to sell on Amazon's e-commerce platform as a third-party seller.

111.   Shefa is also in a contractual relationship with Amazon.

112.   At all relevant times, JMC was aware of Shefa's business relationship with Amazon, as well as Shefa's contractual relationship with Amazon.

113.   At all relevant times, JMC was aware of the terms and conditions of Shefa's contract with Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

114.   JMC intentionally and improperly interfered with Shefa's advantageous and contractual relationship with Amazon by falsely claiming, with knowledge of such falsity, in writing, to Amazon, that Shefa was selling counterfeit products.

115.   JMC's conduct directly and proximately caused disruption of Shefa's relationship and contract with Amazon.

116.   JMC intended to cause Amazon to suspend Shefa's ability to sell Josie Maran Products on Amazon and therefore interfere with the business relationship Amazon had with Shefa.

117.   JMC had actual knowledge that its actions would cause Amazon to suspend Shefa's ability to sell Josie Maran Products on Amazon.

118.   JMC's false accusations of counterfeiting, made directly to Amazon, were for the improper purpose of suppressing competition.

119. JMC's actions interfered with Shefa's business relationship with Amazon and proximately caused Shefa's listing of Josie Maran Products to be suspended.

120. JMC's actions interfered with Shefa's business relationship with Amazon and proximately caused the suspension of Shefa's selling privileges.

121. The intentions of JMC are demonstrated by the fact that JMC stated in writing that its complaints of counterfeiting "were filed in error."

122. On information and belief, the intentions of JMC are further demonstrated by the fact that JMC performed test purchases prior to alleging that the products sold by Shefa were counterfeit.

123. JMC's complaints to Amazon were defamatory, were made maliciously and with the intent to interfere with Shefa's business relationship with Amazon.

124. Shefa was damaged by suspension of these listings by losing revenue related to Josie Maran Products.

125. Shefa is entitled to damages, costs and attorneys' fees as allowed by law.

126. Shefa has suffered injury and, unless JMC is enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, Shefa demands judgement as follows:

A. Dismissing with prejudice all of the claims asserted in the Complaint;

B. Declaring that Shefa has not infringed any valid and enforceable intellectual property right owned by JMC;

C. Preliminary and permanent injunctive relief restraining JMC, its agents, servants, employees, successors and assigns, and all others in concert and privity with JMC, from filing false complaints with Amazon and any other e-commerce platform regarding JMC's products;

D.     An award of all damages that Shefa has suffered as a result of JMC's false representations and unfair competition;

E.     An award of all damages that Shefa has suffered as a result of JMC's tortious interference;

F.     An award of Shefa's attorney's fees and all costs incurred in this Action; and

G.     Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Shefa hereby requests a jury trial for all issues triable by jury.


Dated: February 18, 2021           By: *s/ Tuvia Rotberg*

           Mark Berkowitz
           Tuvia Rotberg
           Sandra A. Hudak
           TARTER KRINSKY & DROGIN LLP
           1350 Broadway
           New York, NY 10018
           Tel.:    (212) 216-8000
           Fax:    (212) 216-8001
           E-mail:  mberkowitz@tarterkrinsky.com
                   trotberg@tarterkrinsky.com
                   shudak@tarterkrinsky.com

           ***Attorneys for Defendant/Counterclaimant***
           ***Shefa Group, LLC***