

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Sandra A. Hudak**
Associate
212-216-1174
shudak@tarterkrinsky.com

**Via ECF**                                                         June 8, 2022

The Honorable Nicholas G. Garaufis, U.S.D.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *Josie Maran Cosmetics, LLC v. Shefa Group LLC d/b/a Morning Beauty*,
           Civil Action No. 1-20-cv-03702-NGG-CLP
           Defendant's Notice of Supplemental Authority

Dear Judge Garaufis:

     We represent Defendant Shefa Group LLC d/b/a Morning Beauty ("Defendant" or "Morning Beauty") in the above-referenced matter. Defendant hereby submits this notice of supplemental authority in furtherance of its Opposition (ECF No. 30) to Plaintiff Josie Maran Cosmetics, LLC's ("Plaintiff" or "JMC") Motion to Dismiss Defendant's Counterclaims (ECF No. 29). Specifically, Defendant has attached the Second Circuit's Summary Order in *Global Supplies NY, Inc. v. Electrolux Home Products, Inc.*, Appeal No. 21-674, dated March 18, 2022 ("*Global II*").

     The Second Circuit's Summary Order in *Global II* reverses this Court's decision in *Global Supplies NY, Inc. v Electrolux Home Prods.*, No. 19-CV-4823 (LDH) (CLP), 2021 WL 1108636 (E.D.N.Y. Mar. 23, 2021) ("*Global I*"), which was relied upon by Plaintiff in its Motion. (*See* ECF No. 31 at 5–6.) Plaintiff relied upon the *Global I* decision in support of its argument that "Morning Beauty's claim for tortious interference actually sounds in defamation and should be dismissed as time-barred." (*Id.*; *see also* ECF No. 29 at 7–8.) Specifically, Plaintiff quoted the reasoning of the district court in *Global I* and argued that, "[a]s with the plaintiff in [*Global I*], Morning Beauty's entire claim is premised on the harm flowing from damage to Morning Beauty's reputation allegedly caused by JMC's supposed false IP complaints." (ECF No. 31 at 5–6.)

     However, the Second Circuit in *Global II* **rejected** the reasoning of the district court in *Global I*, and "conclude[d] that the district court erred in determining that Global Supplies's claim is substantively a claim for defamation, not tortious interference." *Global II*, 2022 WL 815795, at *2. The Second Circuit explained that Global Supplies had alleged, *inter alia*, that: (i) "Electrolux made a knowingly false intellectual property complaint to Amazon and refused to retract the claim when requested by Global Supplies"; (ii) Global Supplies "had a specific business relationship with Amazon"; (iii) "Electrolux knew of that relationship and that the relationship would be harmed by reporting Global Supplies for patent infringement"; and (iv) "Electrolux's complaint

had the specific effect of causing Amazon to terminate its business relationship with Global Supplies." *Id.* (citing Global Supplies's pleading). Based on these allegations, the Second Circuit held that Global Supplies's "claim sounds in tortious interference because it is chiefly based on economic injury, not merely ***generalized*** reputational harm." *Id.* (emphasis added).

In short, Plaintiff's arguments for dismissal of Defendant's tortious interference counterclaim are modeled on bad case law and reasoning. *Global II* clarified that "a claim does not sound in defamation rather than tortious interference merely because the complaint contains allegations of defamation." *Id.* at *3. Rather, "[w]hile the complaints from [Plaintiff] may have ultimately 'stained' [Defendant]'s reputation," "[Plaintiff's] intellectual property complaint[s] [were] a direct interference with [Defendant]'s business relationship with Amazon" and Defendant's "claim is substantively a claim for tortious interference." *Id.*

\* \* \*

We thank the Court for its attention to this matter.

            Respectfully submitted,

            TARTER KRINSKY & DROGIN LLP

            *s/ Sandra A. Hudak*

            Sandra A. Hudak

cc: All Counsel of Record (via ECF)