
ALEX E. JONES | Partner

Direct: 216.736.7241 | Mobile: 440.832.0599 | aej@KJK.com

VIA ECF

July 8, 2022

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
1350 Broadway
New York, NY 10018

**RE:  Josie Maran Cosmetics, LLC v. Shefa Group, LLC dba Morning Beauty,
No. 1:20-cv-03702-NGG-CLP (E.D.N.Y.)
Plaintiff's Response to Defendant's Notice of Supplemental Authority**

Dear Judge Garaufis:

We are counsel to Plaintiff Josie Maran Cosmetics, LLC ("**JMC**"). The purpose of this letter is to briefly address the applicability of the supplemental authority offered by Defendant Shefa Group, LLC dba Morning Beauty ("**Morning Beauty**") in its Notice of Supplemental Authority (ECF # 37). Morning Beauty is correct when it asserts that JMC cited *Global I*[1] in support of JMC's Motion to Dismiss Morning Beauty's Counterclaims (ECF # 29), and that *Global I* was reversed by the Second Circuit in *Global II*[2]. Crucially, however, Morning Beauty ignores – and hopes the Court will ignore – stark factual differences which directly informed the core of the *Global II* Court's reasoning, and which undermine or outright proscribe the application of *Global II* to the present case.

Specifically, unlike the prevailing party in *Global II*, Morning Beauty does not allege that its contractual relationship with Amazon was terminated. Instead, Morning Beauty can only allege that its listings for specific JMC products was temporarily suspended. *Compare Global I*, 2022 U.S. App. LEXIS 7108, at *6 ("Global Supplies does not allege that it suffered some generalized

---

[1] *Global Supplies NY, Inc. v. Electrolux Home Prods.*, No. 19-CV-4823 (LDH) (CLP), 2021 U.S. Dist. LEXIS 55221, 2021 WL 1108636 (E.D.N.Y., Mar. 23, 2021).

[2] *Global Supplies NY, Inc. v. Electrolux Home Prods.*, No. 21-674, 2022 U.S. App. LEXIS 7108, 2022 WL 815795 (2d Cir. Mar. 18, 2022).

**CLEVELAND**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS**
10 West Broad Street
One Columbus Center + Suite 1900
Columbus OH 43125

**KJK**.com

A LAW FIRM
**BUILT FOR BUSINESS**

1

4882-9565-0343, v. 1


reputational harm as a result of Electrolux's false complaint, or that the defendants' complaints merely harmed its ability to form business relationships with Amazon . . . . Rather, Electrolux's complaint had the specific effect of causing Amazon to terminate its business relationship with Global Supplies.") *with* ECF # 22 at ¶124 ("Shefa was damaged by suspension of these listings by losing revenue related to Josie Maran Products."). But Morning Beauty never alleged that it had a distinct contract to sell Josie Maran Products.

Moreover, unlike the prevailing party in *Global II*, Morning Beauty does not allege that JMC failed to retract its infringement reports. *Compare Global II*, 2022 U.S. App. LEXIS 7108, at *5-6 ("Global Supplies alleges, for example, that Electrolux made a knowingly false intellectual property complaint to Amazon and refused to retract the claim when requested by Global Supplies. See AC ¶ 63 (pleading that its 'entire loss would have been avoided had Defendants . . . simply emailed a one-sentence retraction of their unlawful IP Complaints'") *with* ECF # 22 at ¶¶ 55-56 (acknowledging that JMC retracted the reports within 1 day of Morning Beauty's request). Here, that loss was avoided because JMC did issue the requested retraction.

Additionally, unlike the patent infringement at issue in *Global II*, this case involved a trademark report, which courts acknowledge is less likely to trigger consequences than a patent report. *See, e.g., NOCO Co. v. OJCommerce LLC*, 2021 U.S. Dist. LEXIS 85700, at *5-6 (N.D. Ohio May 5, 2021), *aff'd by NOCO Co. v. OJ Commerce, LLC*, 2022 U.S. App. LEXIS 13674 (6th Cir. May 20, 2022) (finding that the "patent claim more likely impacted Amazon's decision").

All told, then, *Global II* involves a different impact on a different type of relationship caused by different activities, and its holding is inapplicable to the case at bar.

**Sincerely**,

**ALEX E. JONES**

**Partner| KJK**


cc: All counsel of record (via ECF)

| **CLEVELAND** | **COLUMBUS** | **KJK**.com |
|---|---|---|
| 1375 East Ninth Street | 10 West Broad Street | |
| One Cleveland Center + 29th Floor | One Columbus Center + Suite 1900 | A LAW FIRM |
| Cleveland OH 44114 | Columbus OH 43125 | **BUILT FOR BUSINESS** |

2

4882-9565-0343, v. 1